UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JUSTIN DEWAYNE JOHNSON,

        Petitioner,                                 Case No. 1:24-cv-10471

v.

                                                 Honorable Thomas L. Ludington
JEFFREY HOWARD,                       United States District Judge

        Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO HOLD HABEAS CORPUS PETITION IN ABEYANCE AND STAY PROCEEDINGS, STAYING CASE PENDING EXHAUSTION OF STATE REMEDIES, AND CLOSING CASE ADMINISTRATIVELY**

Petitioner Justin Dewayne Johnson, a state prisoner at the Kinross Correctional Facility in Kincheloe, Michigan, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF Nos. 1. He also filed a Motion to hold his petition in abeyance and stay the case to allow him to file a post-conviction motion in the state courts to fully exhaust his state-court remedies. ECF No. 3. As explained below, Petitioner's Motion will be granted, his case will be stayed, his habeas Petition will be held in abeyance and this case will be administratively closed pending his exhaustion of state-court remedies.

**I.**

On June 3, 2015, a 15-year-old girl ("the victim") arrived at school and reported that while she was walking to school that morning, a man stopped and raped her. ECF No. 1 at PageID.21; *see also People v. Johnson*, No. 335014, 2018 WL 3788185, at *1 (Mich. Ct. App. Aug. 9, 2018). After viewing two photo-arrays, the victim subsequently identified Petitioner Justin Dewayne Johnson as the man who sexually assaulted her. ECF No. 1 at PageID.21.

Petitioner was arrested and charged with seven criminal counts, including—among other charges—first-degree criminal sexual conduct ("CSC-1") and kidnapping. *Id.* at PageID.18. In October 2015, Petitioner pleaded guilty to two counts of CSC-1, in violation of MICH. COMP. LAWS § 750.520b(1)(e), one count of accosting a minor, in violation of MICH. COMP. LAWS § 750.145a, and one count of possession of a firearm during the commission of a felony, in violation of MICH. COMP. LAWS § 750.227b. *Id.*; *see also Johnson*, 2018 WL 3788185, at *1. "During allocution, defendant admitted that he had penetrated the victim's vagina with his finger and penis without her consent while armed with a handgun." *Id.* But before sentencing, Petitioner sought to withdraw his plea as "involuntary and unknowing." *Id.* The trial court denied Petitioner's request to withdraw his plea, and sentenced Petitioner to "concurrent prison terms of 18 to 40 years for each CSC-1 conviction, and three months to four years for the accosting a minor conviction, to be served consecutively to a two-year term of imprisonment for the felony-firearm conviction." *Id.* Petitioner again sought to withdraw his guilty plea, but the trial court again denied the motion. *Id.*

Petitioner appealed his conviction to the Michigan Court of Appeals, which "reverse[d] the trial court's order denying [Petitioner's] motion to withdraw his guilty plea" because the trial judge "fail[ed] to inform defendant of the maximum possible prison sentence and the requirement of mandatory lifetime electronic monitoring." *Id.* at *2.

On remand, Petitioner's guilty pleas were set aside, and the case proceeded to jury trial on all seven charged counts. ECF No. 1 at PageID.19. The first jury trial resulted in a hung jury, so the case proceeded to a second jury trial, *id.*, after which the jury convicted Petitioner of two counts of CSC-1, in violation of MICH. COMP. LAWS § 750.520b(1)(e), one count of kidnapping, in violation of MICH. COMP. LAWS § 750.349, and one count of accosting a child for immoral purposes, in violation of MICH. COMP. LAWS § 750.145a. *People v. Johnson* (hereinafter "*Johnson II*"), No. 350055, 2021 WL 5497687, at *1 (Mich. Ct. App. Nov. 23, 2021). Defendant was

acquitted of the two felony-firearm charges and the one felonious assault charge. *Id.* After the second jury trial, "the trial court sentenced [Petitioner] to 210 to 480 months' imprisonment for each" CSC-1 and kidnapping conviction, and "12 to 48 months' imprisonment for his conviction of accosting a child for immoral purposes, with his sentences to run concurrently." *Id.*

Petitioner appealed again, through appellate counsel, this time arguing that the trial court "erroneously" assessed offense-variable points based on acquitted conduct. ECF No. 1 at PageID.25–28. In addition, Petitioner filed a *pro per* supplemental brief raising four additional claims: (1) that Offense Variable 3 was incorrectly scored; (2) that the evidence was insufficient to convict; (3) that the jurors were given an improper oath when swearing-in; and (4) that trial counsel was ineffective for failing to object to the reading of the wrong oath to the jurors and for failing to assure that potentially exculpatory evidence was tested for DNA. *See generally Johnson II*. The Michigan Court of Appeals affirmed Petitioner's conviction and sentence, *id.*, and Petitioner filed an application for leave to appeal to the Michigan Supreme Court, *see* ECF No. 1 at PageID.59–85. Notably, however, the application for leave to appeal that Petitioner attached to his Petition raises three claims, only one of which overlaps with the claims previously presented to the Michigan Court of Appeals. *See id.* at PageID.59–85. The Michigan Supreme Court denied Defendant's motion for leave to appeal in December 2022. ECF No. 3 at PageID.94.

In February 2024, Petitioner filed a petition for writ of habeas corpus challenging his conviction and sentence on five grounds: (1) consideration of acquitted conduct at sentencing; (2) judicial factfinding; (3) insufficient evidence; (4) the jury was not properly sworn; and (5) ineffective assistance of counsel. ECF No. 1 at PageID.1–10. He also filed a motion to hold his Petition in abeyance and stay proceedings until he could exhaust his state-court remedies on grounds 2–4. ECF No. 3.

## II.

State prisoners must give the state courts an opportunity to act on their claims before they present those claims to a federal court in a habeas petition. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 845 (1999). As relevant here, Michigan state prisoners must fairly present the factual and legal basis for their claims to the Michigan Court of Appeals and to the Michigan Supreme Court before raising the claims in a federal habeas petition. *Robinson v. Horton*, 950 F.3d 337, 343 (6th Cir. 2020); *Wagner v. Smith*, 581 F.3d 410, 414–15 (6th Cir. 2009).

The Antiterrorism and Effective Death Penalty Act of 1996, however, established a one-year statute of limitations for habeas petitions filed under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d).

In *Rhines v. Weber,* 544 U.S. 269 (2005), the Supreme Court addressed the interplay between the exhaustion requirement and the one-year statute of limitations. To resolve the problem, the *Rhines* Court approved a "stay and abeyance" procedure, which allows a federal district court to stay a habeas case and to hold the habeas petition in abeyance while the petitioner returns to state court to pursue state remedies for previously unexhausted claims. *See id*. at 275. Under that procedure, "[o]nce the petitioner exhausts his state remedies, the district court [can] lift the stay and allow the petitioner to proceed in federal court." *Id*. at 275-76. The *Rhines* Court elaborated that this "stay and abeyance" procedure is available only in "limited circumstances," such as when "there was good cause for the petitioner's failure to exhaust his claims first in state court," the "unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 277–78.

## III.

A stay is warranted here because it will enable Petitioner to exhaust his state court remedies for his four unexhausted claims without fear of violating the statue of limitations. *See id.* Although

it appears that Petitioner fully exhausted his claim that the trial judge improperly considered acquitted conduct at sentencing, *see* ECF No. 1 at PageID.5, 26–28 (arguing at the Michigan Court of Appeals that the trial judge improperly considered acquitted conduct), it does not appear Petitioner fully exhausted his second through fifth claims, *see id.* at PageID.6–10. And it does not appear those claims are "plainly meritless." *Wagner v. Smith,* 581 F.3d at 419. Further, Petitioner appears to assert that he did not previously raise his unexhausted claims in the state courts due to ineffective assistance of appellate counsel. *Id.* at 419.

Accordingly, because Petitioner has not presented his second through fifth claims to both Michigan appellate courts before seeking federal habeas relief, Petitioner's case will be stayed so he may exhaust his state court remedies. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

When a district court determines that a stay is appropriate pending exhaustion of state-court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting his state-court remedies, this Court will impose time limits for Petitioner to proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court in a postconviction motion for relief from judgment with the state trial court within 60 days of the date of this Order. *See id.* Petitioner must also ask this Court to lift the stay within 60 days of exhausting his state-court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated nunc pro tunc as of the date the stay was entered, and the petition may be dismissed." *Id.* (internal quotation omitted).

## IV.

Accordingly, it is **ORDERED** that Petitioner's Motion to Hold Petition in Abeyance and Stay Proceedings, ECF No. 3, is **GRANTED**.

Further it is **ORDERED** that this Case is **STAYED** until Petitioner exhausts his state-court remedies, or until further order of this Court.

Further, it is **ORDERED** that Petitioner is **PERMITTED** to file a motion for relief from judgment in the state courts **on or before October 8, 2024**. If Petitioner fails to file a motion for relief from judgment with the state courts by that date, then the present Petition will be dismissed without prejudice. If Petitioner files a motion for relief from judgment in state court, then he must notify this Court that he did so. If so, then the case will be held in abeyance pending exhaustion of Petitioner's claims. If not, then the present Petition will be dismissed without prejudice.

Further, it is **ORDERED** that Petitioner is **DIRECTED** to refile his habeas petition within 60 days after the conclusion of the state-court postconviction proceedings. Petitioner may file an amended habeas petition that contains any newly exhausted claims. Failure to comply with any of the conditions of the stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

Further, it is **ORDERED** that the Clerk of the Court is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case for statistical purposes only. Nothing in this Order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock*, 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

Further, it is **ORDERED** that, upon receipt of a motion to reinstate the habeas petition following exhaustion of state court remedies, this Court may order the Clerk to reopen this case for statistical purposes.

Dated: August 6, 2024                    s/Thomas L. Ludington
                                         THOMAS L. LUDINGTON
                                         United States District Judge